[D.I. 19]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | Civil No. 20-14321 (NLH/AMD) |
| Plaintiff, | |
| v. | |
| JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 108.24.103.83, | |
| Defendant. | |

## ORDER

This matter comes before the Court by way of motion [D.I. 19] of Plaintiff, Strike 3 Holdings, LLC, seeking to seal various docket entries pursuant to Local Civil Rule 5.3(c). The Court has considered Plaintiff's submission, no opposition having been filed, and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow, Plaintiff's motion to seal is denied without prejudice.

In this case, Plaintiff, the purported owner of copyrights in "adult motion pictures," alleges that the Doe Defendant downloaded Plaintiff's copyrighted works without authorization through a BitTorrent protocol. (*See, e.g.*, Compl. [D.I. 1], p. 2, ¶¶ 2, 4.) Plaintiff represents that BitTorrent use

is anonymous, revealing only the IP address of the alleged copyright infringer, and Plaintiff therefore filed this case against a Doe Defendant identified by the IP address associated with one alleged instance of recorded infringement. (Mem. of Law in Supp. of Pl.'s Mot. for Leave to Serve a Third-Party Subpoena Prior to the Rule 26(f) Conference Subject to a Protective Order [D.I. 4-1], p. 3.) Plaintiff thereafter filed a motion to serve, on an expedited basis, a subpoena directed to the Doe Defendant's internet service provider (hereinafter, "ISP") requesting the name and permanent address of the IP address subscriber. (*Id.* at p. 15.)

In the motion for expedited discovery, Plaintiff acknowledged the possibility that the subscriber of the IP address may not be the individual who allegedly infringed Plaintiff's copyrights, as another individual may have had access to the IP address during the alleged infringement purportedly recorded by Plaintiff. (*Id.* at pp. 10-11.) Thus, to protect the privacy interests of the IP subscriber, Plaintiff also sought a protective order which required Plaintiff, upon learning of the IP subscriber's identity, to file under temporary seal any documents that identified the Doe Defendant by name. (*Id.* at p. 24.) The Court granted Plaintiff's motion to the extent Plaintiff sought expedited discovery to assist in the identification of the Doe Defendant, but dismissed as premature the motion to the extent

2

Plaintiff sought a protective order. (Order [D.I. 5], Oct. 29, 2020, p. 2 n.1.) The Court noted that Plaintiff and the Doe Defendant would have an opportunity to seek a protective order and could file a motion to seal once the Doe Defendant received notice of the subpoena. (*Id.*)

Plaintiff issued a subpoena to Defendant's ISP on November 5, 2020 and received a response identifying the subscriber of the IP address on or about January 6, 2021. (Cert. of John C. Atkin, Esq. [D.I. 6-1], Jan. 8, 2021, p. 2, ¶ 7.) Plaintiff represents that it thereafter conducted an investigation to determine whether the individual who was identified by the ISP is the appropriate defendant in this case. (*Id.*) Plaintiff then filed an amended complaint [D.I. 8] under temporary seal that identified the IP subscriber by name and address and filed a redacted version of the amended complaint [D.I. 9] on the public docket, with redactions as to Defendant's name and address. Plaintiff also filed on the docket several documents containing Defendant's name and address in connection with Plaintiff's efforts to serve process on Defendant. These documents were filed both under seal and in redacted form, again with redactions as to Defendant's name and address. (*See, e.g.*, Aff. of John C. Atkin, Esq. [D.I. 12], Mar. 23, 2021 (sealed); Aff. of John C. Atkin, Esq. [D.I. 13], Mar. 23, 2021 (redacted); Supp. Aff. of John C. Atkin, Esq. [D.I. 14], May 13, 2021 (sealed); Supp. Aff. of John C. Atkin, Esq. [D.I. 15],

May 13, 2021 (redacted).) In addition, Plaintiff filed under seal a request for entry of default identifying Defendant by name and address [D.I. 16], with a redacted version on the public docket [D.I. 17].[1]

Because Plaintiff filed the above documents under temporary seal, this Court entered a text order directing Plaintiff to file a formal motion to seal such documents pursuant to Local Civil Rule 5.3. (Text Order [D.I. 18], June 3, 2021.) Plaintiff thereafter filed the instant motion to seal. In support of the motion, Plaintiff has submitted a Certification of Jessica Fernandez, Esquire, senior in-house counsel for General Media Systems, LLC, the owner of Plaintiff. (*See* Cert. of Jessica Fernandez, Esq. (hereinafter, "Fernandez Cert.") [D.I. 19-1], June 6, 2021.) Ms. Fernandez represents in the Certification that upon learning the identity of the IP subscriber and conducting an investigation, Plaintiff "determined that the individual identified by the ISP was not merely the subscriber assigned the IP address during the period of infringement, but that he was also

---

[1] Subsequent to filing the motion to seal, Plaintiff filed a motion for default judgment under seal, with a letter asking that the motion to seal be supplemented to include the default judgment motion. (Letter from John C. Atkin, Esq. [D.I. 26], June 24, 2021, p. 2.) This Order addresses only the sealing of the amended complaint and filings in connection with Plaintiff's efforts to serve process on Defendant, as the motion for default judgment is pending before the District Judge. Any request to seal the motion for default judgment should be directed to the District Judge.

4

the infringer of Plaintiff's works." (*Id.* at p. 2, ¶ 7.) Ms. Fernandez also represents that Defendant never contacted Plaintiff to discuss sealing the documents filed on the docket, but Plaintiff has filed such documents under temporary seal "in light [of] presumed privacy interests inherently implicated in lawsuits involving allegations concerning adult content, and Plaintiff's interest in not being wrongfully accused of coercive litigation tactics[.]" (*Id.* at p. 2, ¶ 9.) Ms. Fernandez notes that because Defendant has not entered an appearance in this case or joined in the motion to seal, Plaintiff cannot assert that "a clearly defined and serious injury will result to Defendant if this Motion is not granted." (*Id.* at p. 5, ¶ 20.) Rather, Ms. Fernandez states that "the primary basis for sealing the Materials here is that Plaintiff is routinely . . . accused by defendants of attempting to coerce settlements in BitTorrent copyright infringement matters by threatening to publicly reveal the defendant's identity in connection with the allegations of infringement of adult works." (*Id.*) Ms. Fernandez also contends that Plaintiff will be injured if the documents are not sealed because "future parties and courts may utilize the instant matter identifying Defendant as a basis to accuse Plaintiff of attempting to coerce settlements in this and other matters by threatening to publicly reveal a defendant's identity in connection with the allegations of infringement of adult works." (*Id.* at pp. 6-7, ¶ 24.)

Local Civil Rule 5.3 governs a litigant's request to seal documents filed with the Court. L. Civ. R. 5.3(c). Under the Local Rule, a party seeking to seal documents or to otherwise restrict public access must demonstrate: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request." L. Civ. R. 5.3(c)(3).

Here, the nature of the materials to be sealed are Defendant's name and address, as set forth in an amended complaint and other documents that have been filed on the public docket relating to Plaintiff's efforts to serve process on Defendant. Plaintiff filed redacted versions of the same documents on the docket, with redactions only as to Defendant's name and address, and therefore there is no less restrictive alternative to sealing the documents at issue. Plaintiff represents that there are no prior orders sealing the same materials in this action, and it identifies no party or nonparty known to be objecting to the sealing request. (Fernandez Cert., p. 9, ¶¶ 29-30.) These factors support Plaintiff's motion to seal. However, as discussed below,

6

Plaintiff fails to demonstrate that the private and public interest factors weigh in favor of sealing Defendant's name and address, and Plaintiff has not identified a clearly defined and serious injury that will result if the materials are not sealed.

In considering the public and private interest factors, the Court finds that Plaintiff's request to seal Defendant's name and address is, in essence, a request to allow Defendant to proceed anonymously in this case. However, there is a presumptive right of public access to judicial proceedings. *See Doe v. College of New Jersey*, 997 F.3d 489, 495 (3d Cir. 2021). "'Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)(quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). A court may allow a party to proceed pseudonymously in exceptional circumstances, and a litigant seeking to proceed by way of pseudonym must demonstrate "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). In *Doe v. Megless*, the Third Circuit employed a multi-factor test to determine whether a party's fear of severe harm in proceeding without a pseudonym outweighs the

7

public's interest in open proceedings.[2] *See Megless*, 654 F.3d at 409. "That a plaintiff may suffer embarrassment or economic harm is not enough." *Id.* at 408; *see also College of New Jersey*, 997 F.3d at 496 n.6 ("[W]e have held that it is 'not enough' that 'a plaintiff may suffer embarrassment or economic harm[.]'")(quoting *Megless*, 654 F.3d at 408); *Delaware Valley Aesthetics, PLLC v. Doe 1*, No. 20-0456, 2021 WL 2681286, at *2 (E.D. Pa. June 30, 2021)("Mere embarrassment or economic harm is not enough to justify proceeding anonymously.").

The Court notes that this is one of many cases filed by Plaintiff nationwide alleging that John Doe Defendants downloaded

---

[2] The factors that weigh in favor of anonymity include: "'(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.'" *Megless*, 654 F.3d at 409 (quoting *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467-68 (E.D. Pa. 1997)). The factors that weigh against anonymity include: "'(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.'" *Id.* (quoting *Provident Life*, 176 F.R.D. at 467-68).

8

Plaintiff's copyrighted material without authorization through BitTorrent. Many courts in this District have entered orders in such cases allowing Doe Defendants to proceed anonymously based upon the reputational harm that may result from being associated with litigation concerning pornographic material. In some cases, the Doe Defendants sought a protective order, while in other cases the protective orders were sought by Plaintiff. For instance, in *Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 173.63.148.25*, the court granted a Doe Defendant's motion for a protective order to proceed anonymously, finding that the defendant "alleged a reasonable concern of harm to his reputation if his personal information were to be released to the public in association with the litigation." *Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 173.63.148.25*, No. 19-10252, 2020 WL 5525549, at *6 (D.N.J. Sept. 14, 2020); *see also Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 76.117.94.168*, No. 18-16593, 2019 WL 4745360, at *7 (D.N.J. Sept. 30, 2019)(granting Doe Defendant's request to proceed anonymously, noting that "Defendant's concerns about harm due to public disclosure" supported entry of a protective order). In *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.61.4.191*, the court entered a protective order upon Plaintiff's motion, which required Plaintiff to file any documents containing the Doe Defendant's identifying information under

9

temporary seal based upon the perceived need to "impose safeguards to protect the privacy rights of potentially innocent third-parties." *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.61.4.191*, No. 21-10370, 2021 WL 2567463, at *2, 3 (D.N.J. June 22, 2021); *see also Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 173.61.7.112,* No. 21-10375, 2021 WL 2769890, at *3 (D.N.J. July 2, 2021) (requiring "all documents identifying the defendant and/or any person associated with the defendant or the IP address . . . [to] only be filed in redacted form, with unredacted versions filed under temporary seal"); *Strike 3 Holdings v. John Doe Subscriber Assigned IP Address 100.1.91.220*, No. 20-12943, 2020 WL 7074387, at *1, 2 (D.N.J. Dec. 2, 2020)(because plaintiff was only able to identify defendant by an IP address, to "ensure that the privacy interests of the subscriber will be protected[,]" court required plaintiff to file documents identifying defendant under temporary seal with formal motion to seal).

By contrast, in other cases involving alleged similar copyright infringement, courts have denied the Doe Defendants' requests to proceed anonymously, despite the embarrassing nature of the allegations in the complaint. In *Patrick Collins, Inc. v. John Does 1-54*, for instance, the court refused the defendant's request for a protective order requiring the proceedings to take place under seal. *Patrick Collins, Inc. v. John Does 1-54*, No. 11-

10

1602, 2012 WL 911432, at *3-4 (D. Ariz. Mar. 19, 2012). In so finding, the court stated:

> Although the Court acknowledges that there is some social stigma attached to consuming pornography, Defendant strenuously denies the allegations, and it is the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove. The nature of the allegations alone [does] not merit a protective order.

*Id.* at *4. In *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, the court similarly denied the Doe Defendants' request to proceed anonymously, finding that "[t]he potential embarrassment to Does 1-38 of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously." *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011). Likewise, in *Malibu Media v. Doe*, the court denied a Doe Defendant's motion to proceed anonymously, stating: "Although the Court acknowledges there may be some social stigma attached to viewing pornography, the potential embarrassment does not constitute an exceptional circumstance that would warrant allowing the movant to proceed anonymously. . . . The proper remedy is not to depart from the 'constitutionally-embedded presumption' of openness of judicial proceedings; the remedy is to vigorously defend the lawsuit." *Malibu Media, LLC v. Doe*, No. 13-669, 2013 WL 5321598, at *2 (S.D.

Ind. Sept. 20, 2013); *see also Malibu Media, LLC v. John Does No. 1-30*, No. 12-3896, 2012 WL 6203697, at *7 (D.N.J. Dec. 12, 2012)(denying defendants' request to proceed anonymously, finding that "Defendants' broad claim of potential reputational injury fails to articulate a reasonable fear of severe harm").

In this case, the Court finds that Plaintiff fails to demonstrate that the public and private interest factors weigh in favor of sealing Defendant's name and address at this time. As noted above, there is a presumptive right of public access to judicial proceedings, and the Third Circuit in *Megless* set forth a multi-factor test to determine whether the party seeking to proceed anonymously has an interest in litigating by pseudonym that outweighs the public's interest in open proceedings. *Megless*, 654 F.3d at 409. Plaintiff does not address the *Megless* factors in the present motion to seal, but rather refers to an argument in a prior motion seeking a protective order, in which it noted that some of the *Megless* factors support sealing Defendant's identifying information.[3] (Fernandez Cert., p. 8, ¶ 27 n.10.)

---

[3] Specifically, Plaintiff argued in connection with its request for a protective order that "many of the non-exclusive factors endorsed by the Third Circuit weigh in favor of permitting Doe to remain pseudonymous here: Doe's identity is unknown and, therefore, [has] been kept confidential thus far; there is no illegitimate motive to keep Doe's identity from public disclosure; and there is little to no public interest in knowing Doe's identity in this matter." (Mem. of Law in Supp. of Pl.'s Mot. for Leave to Serve a Third-Party Subpoena Prior to the Rule 26(f) Conference Subject to a Protective Order [D.I. 4-1], p. 23.)

Plaintiff, however, does not address all of the *Megless* factors, and the Court therefore concludes that the public and private interest factors, on balance, do not support sealing Defendant's identifying information from the public docket.

In addition, the Court notes that Defendant has not asserted a desire to proceed anonymously as Defendant neither moved to seal the documents containing Defendant's name or joined in Plaintiff's motion to seal, nor has Defendant otherwise moved to protect Defendant's identity from disclosure in this case.[4] The present case, therefore, is unlike other cases in this District in which the Doe Defendants' motions to proceed pseudonymously were granted based on Defendants' expressed fear of harm if their identities were disclosed. Moreover, this case is unlike those cases in this District in which courts granted protective orders upon Plaintiff's motion, where safeguards were entered in those cases at a time when the alleged infringers' identities were unknown to protect a potentially innocent third party from being

---

[4] Although the affidavits of service [D.I. 13-1, D.I. 15-4] filed by Plaintiff indicate that Plaintiff has had difficulty personally serving process on Defendant, there is no indication that Defendant is unaware of this action. The October 29, 2020 Order granting expedited discovery required the ISP to serve a copy of the Order upon the internet subscriber, which Order advised the internet subscriber of the right to move to quash the subpoena or seek a protective order. (Order [D.I. 5], Oct. 29, 2020, p. 3.) Defendant has not filed any motion to quash or for a protective order to protect Defendant's anonymity.

associated with the litigation. *See, e.g.*, *Strike 3 Holdings v. Doe*, 2021 WL 2769890, at *2 ("[T]he Court will grant plaintiff's request for entry of a protective order and limit its discovery request to ensure an innocent party is not unduly burdened."); *Strike 3 Holdings v. Doe*, 2021 WL 2567463, at *2 (expressing need to "impose safeguards to protect the privacy rights of potentially innocent third-parties" and alleviate concerns about misidentification); *Strike 3 Holdings v. John Doe*, 2020 WL 7074387, at *1-2 (court imposed "strict restrictions on the information that can be obtained" and required [p]laintiff to refrain from publicly disclosing identifying information, noting "the anonymous nature of the alleged infringing conduct").[5] Here, by contrast, Plaintiff represents that it believes after conducting an investigation that Defendant is the allegedly infringing party. (Fernandez Cert., p. 2, ¶ 7.) Furthermore, this Court, by Order dated October 29, 2020, implemented safeguards to protect a potentially innocent third party by providing an opportunity for

---

[5] In those cases, documents filed with the court were only filed under temporary seal, and the Doe Defendants were directed to provide an affidavit or certification describing with particularity the factors outlined in Local Civil Rule 5.3(c)(3) to support permanent sealing of such documents. *See, e.g., Strike 3 Holdings v. Doe*, 2021 WL 2769890, at *4; *Strike 3 Holdings,* 2021 WL 2567463, at *4; *Strike 3 Holdings v. Doe*, 2020 WL 7074387, at *3. Therefore, even in those cases in which protective orders were entered temporarily to protect the Doe Defendants' identities, the Doe Defendants were required to make a showing in support of permanently sealing their identities from the public record.

14

Defendant to file a motion to quash the subpoena or move for a protective order (Order [D.I. 5], Oct. 29, 2020, p. 3), yet Defendant did not utilize these safeguards. Since Defendant has not asserted any interest in remaining anonymous, the Court has no basis to conclude that this case presents exceptional circumstances that warrant proceeding anonymously. *See, e.g.*, *Strike 3 Holdings, LLC v. John Doe Subscriber IP Address 66.44.31.160*, 325 F.R.D. 499, 503 (D.D.C. 2018)(denying Plaintiff's motion for protective order that would allow a defendant to proceed anonymously because Plaintiff failed to proffer "any facts that would indicate that Defendant wishes to remain anonymous, or that there is any reason to fear that Defendant may have been misidentified as having downloaded or accessed adult content").

Finally, the Court finds that Plaintiff fails to demonstrate a clearly defined and serious injury if the motion to seal is not granted. The Court may seal information upon a "particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006)(quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning[,]'" will not suffice to seal a judicial record. *Id.* (quoting *Pansy*, 23 F.3d at 786). Plaintiff concedes

15

that it "cannot declare . . . that a clearly defined and serious injury will result to Defendant if this Motion is not granted." (Fernandez Cert., p. 5, ¶ 20.) Rather, Plaintiff asserts that it will suffer injury if Defendant's name is publicly disclosed because "future parties and courts may utilize the instant matter identifying Defendant as a basis to accuse Plaintiff of attempting to coerce settlements in this and other matters by threatening to publicly reveal a defendant's identity in connection with the allegations of infringement of adult works." (*Id.* at pp. 6-7, ¶ 24.)

The Court rejects Plaintiff's assertion of harm as a basis to seal Defendant's identifying information at this time. The Court notes that some courts have raised issues with Plaintiff's settlement of these actions. *See, e.g.*, *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP Address 32.212.123.108*, No. 18-1945, 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019)("This Court is sensitive to the fact that the sheer volume of cases commenced by Strike 3 Holdings, and their brief procedural history – commencement of the action, receipt of permission to serve a third-party subpoena on an ISP provider prior to the 26(f) conference, and voluntary dismissal of the actions weeks or months thereafter – is suggestive of coercive settlement practices that this Court does not condone.") Other courts in this District, however, have found no basis to conclude that Plaintiff

16

has engaged in abusive litigation tactics. *See, e.g.*, *Strike 3 Holdings, LLC v. John Doe Subscriber Assigned IP Address 173.71.68.16*, Nos. 18-2674, 18-12585, 18-12586, 18-14114, 2019 WL 5446239, at *6 (D.N.J. Oct. 24, 2019)(while finding that good cause did not exist for expedited discovery because complaint as pled was futile, court noted as an "underlying assumption" that "even though numerous cases discuss the fact that Strike 3 has or may engage in abusive litigation practices, the Court has not seen evidence that this occurred in its cases"), *rev'd on other grounds*, 2020 WL 3567282, at *1 (D.N.J. June 30, 2020)(finding good cause to permit limited expedited discovery to aid in identification of John Doe defendant); *Strike 3 Holdings, LLC v. Doe*, 2019 WL 4745360, at *6 ("[T]he Court does not find that Defendant has provided any evidence that Plaintiff has or plans to engage in such abusive litigation tactics."). As such, Plaintiff's asserted fear of being accused of coercing settlements based on its conduct in this litigation does not support the present motion. Plaintiff has failed to articulate a clearly defined and serious injury that will result if the documents at issue are not sealed.

Balancing the factors under Local Civil Rule 5.3(c), the Court finds that Plaintiff has not met its burden of demonstrating that Defendant's identifying information, as set forth in the amended complaint and documents filed to demonstrate service of process, should be sealed. While the lack of a less restrictive

17

alternative, the absence of an order regarding sealing, and the absence of any party or non-party's objection to the request support sealing, such interests are outweighed by the significant public interest in access to judicial records, particularly in light of Plaintiff's failure to demonstrate a privacy interest sufficient to rebut the presumption of public access, and Plaintiff's failure to demonstrate a clearly defined and serious injury if Defendant's identifying information is not sealed. The motion to seal will therefore be denied without prejudice. However, the Court will allow the documents at issue to remain sealed at this time, and Defendant will be provided one final opportunity to move to seal.

CONSEQUENTLY, for the reasons set forth herein, and for good cause shown:

IT IS on this **22nd** day of **December 2021**,

**ORDERED** that the motion to seal [D.I. 19] shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall, **within seven (7) days**, send a copy of this Order to Defendant by regular and certified mail, and shall file a certification addressing proof of service on the docket; and it is further

**ORDERED** that Defendant shall file a motion to seal by no later than **January 14, 2022.** If Defendant does not file a motion

18

to seal by that date, the Court will direct that the unredacted versions of the documents described herein be unsealed.

s/ Ann Marie Donio<br>
ANN MARIE DONIO<br>
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Noel L. Hillman