UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | No. 1:20-cv-14321-NLH-AMD |
| Plaintiff, | |
| v. | OPINION |
| ROBERT VOKOUN, | |
| Defendant. | |

**APPEARANCES**:

JOHN C. ATKIN
THE ATKIN FIRM, LLC
55 MADISON AVENUE
SUITE 400
MORRISTOWN, NJ 07960

  *On behalf of Plaintiff*.

**HILLMAN**, District Judge

This matter comes before the Court on Plaintiff's, Strike 3 Holdings, LLC's, motion for default judgment against Defendant, Robert Vokoun, filed pursuant to Fed. R. Civ. P. 55(b)(2).  For the reasons expressed below, Plaintiffs' motion will be granted in part and denied in part.

BACKGROUND

Plaintiff is the owner of the copyright of various adult videos which it distributes on subscription-based websites and which it sometimes licenses to other broadcasters.  (ECF 8 at

4). Plaintiff alleges that Defendant used a protocol called BitTorrent to illegally download 24 of Plaintiff's copyrighted works. (Id. at 5-7). Plaintiff states that it used a scanning system, called VXN Scan, which allowed it to find the media files that Defendant downloaded and then compared the downloaded media files with Plaintiff's copyrighted works. (Id. at 5-8). VXN Scan also showed Plaintiff that Defendant improperly distributed media files containing Plaintiff's copyrighted works. (Id).

Plaintiff initially filed this action on October 23, 2020. (ECF 1). Plaintiff then promptly sought permission from the Court to issue a subpoena to Defendant's Internet Service Provider ("ISP") to obtain the name and address of Defendant. (ECF 4). The Court granted that request (ECF 5), and Plaintiff filed an amended complaint on February 6, 2021, identifying Defendant by name and address. (ECF 8). Plaintiff then attempted to personally serve Defendant four times and each time, no one answered the door, despite it being apparent that there were people inside of the residence. (See ECF 21-1). Plaintiff also filed proof that it mailed the complaint and summons to Defendant, multiple times, by certified mail and ordinary mail. (Id.) Nonetheless, Defendant never returned the green return receipt card sent with the certified mailings or otherwise appeared in this matter. (Id.)

Plaintiff ultimately moved for default judgment on June 24, 2021[1]. (Id.) Plaintiff requests that the Court enjoin Defendant from committing more infringing activities, destroy illegally downloaded materials, and award statutory damages, costs, and post-judgment interest. (Id.)

## DISCUSSION

### I. Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### II. Legal Standard for Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assocs. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The decision to enter a default

---

[1] Plaintiff also asks that the Court file any opinion or order under seal to protect Defendant's identity. (Id.) However, since Plaintiff filed its motions seeking that relief, the Magistrate Judge denied Plaintiff's motion to seal and gave it until January 14, 2021 to file another motion to seal or the Court would direct the Clerk of the Court to unseal the documents that had been filed under seal. (ECF 29). No such further motion was filed. Therefore, the Court will direct the Clerk of the Court to amend the docket to reflect Defendant's real name and unseal all documents that are currently sealed. See Doe v. Coll. of New Jersey, 997 F.3d 489, 495 (3d Cir. 2021)(noting the presumption of public access to court proceedings).

3

judgement is left to the discretion of the district courts; however, the Third Circuit has stated its "preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).

In assessing a motion for default judgment, courts should accept as true all well-pleaded factual allegations — other than those regarding damages — but should not accept a plaintiff's legal conclusions. Dempsey v. Pistol Pete's Beef N Beer, LLC, No. 08-5454, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009). Three factors guide whether a default judgement should be granted: (1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. Chaberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, before determining whether a plaintiff is entitled to default judgment, courts must first review whether: (1) there is sufficient proof of service, Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985), and (2) the complaint demonstrates a valid cause of action. Richardson v. Cascade Skating Rink, No. 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

**III. Analysis**

In this case, all relevant criteria weigh in favor of granting Plaintiffs' motion for default judgment. First, as

noted above, before a court can enter default judgment against a defendant, it must find that process was properly served on the defendant. Gold Kist, 756 F.2d at 19. Defendant is an individual who must be served under the applicable rules under the Federal Rules of Civil Procedure or New Jersey's rules. A plaintiff must serve an individual in the United States under Rule 4(e)(2) which allows service by "delivering a copy of the summons and of the complaint to the individual personally,... leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or. . . delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Id.

New Jersey allows an individual to be served by "by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein[.]" N.J. Ct. R. R. 4:4-4(a)(1). Alternatively, if after diligently trying to serve this way a plaintiff is unable to effectuate service, a plaintiff may serve by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail" Id. at 4:4-4(b)(1)(C).

5

The Court finds that the requisite service requirement for a default judgment has been met because Plaintiff has sufficiently shown that Defendant has been trying to evade service and that he received the papers. World Ent. Inc. v. Brown, 487 F. App'x 758, 761 (3d Cir. 2012) ("Leaving papers in the defendant's physical proximity is usually sufficient if (1) defendant actively evades service, and (2) there is clear evidence that the defendant actually received the papers at issue when allegedly served."); Knights Franchise Sys., Inc. v. Patel, 2017 WL 5191805, at *4 (D.N.J. Nov. 9, 2017) (on a motion for default judgment, service was sufficient where process server tried multiple times to serve and then sent the summons and complaint via regular mail and certified mail).  In Brown, the court found evasion where the defendant shut and locked the door on the process server, closed the garage, and refused to answer the door.  487 F. App'x 758, 761.

The Court finds the circumstances here similar. Plaintiff's process server went to Defendant's residence four times to attempt personal service and each time no one answered the door despite the lights being on and there being a driveway full of cars.  (See ECF 12-1).  Plaintiff also mailed the summons and complaint to the Defendant multiple times and has filed proof that the package was delivered to Defendant's address. (ECF 12-3).

The fact that Plaintiff never received the return receipts for their certified mailings does not change the Court's view. The Defendant's refusal to sign the return receipt would be consistent with trying to evade service.  In light of the apparent refusal to answer the door on the four occasions Plaintiff attempted personal service, and the multiple mailings that Plaintiff sent to Defendant's address (ECF 21-1 at 1), the Court concludes as the court did in Brown, that Defendant tried to evade service and actually received the papers.[2]

Separately, the Court is satisfied that Plaintiffs have done enough investigation to confirm that Defendant is indeed the infringer.  The law in this district as well as in others makes clear that it is not enough for a plaintiff in a copyright infringement case to simply tie a defendant to an IP address. See Malibu Media, LLC v. Peled, 2020 WL 831072, at *6 (D.N.J. Feb. 20, 2020)("[Plaintiff] will have to show something more than merely tying Defendant to an IP address in order to sufficiently establish copyright infringement.")  This concern

---

[2] Plaintiff is technically correct that lack of proof of service does not mean that service was not completed. See Fed. R. Civ. P. 4(*l*)(3) ("Failure to prove service does not affect the validity of service.")  However, in the context of granting a default judgment a court has a duty to satisfy itself that service was effectuated, Gold Kist, 756 F.2d at 19, and proof of service is probative of that fact.  That said, in light of the fact that the Court concludes that Defendant evaded service and knew about the case, it need not address this issue.

7

is particularly salient when evidence shows that there are multiple individuals who have access to the internet via the IP address that has been identified.  See Cobbler Nevada, LLC v. Gonzales, 901 F.3d 1142, 1145 (9th Cir. 2018) (where IP address was linked to an adult care home with multiple inhabitants who had access to the internet, it was not enough to simply say that the subscriber was the individual infringing on copyrights).  In this case, it is noteworthy that part of Plaintiff's claim as to Defendant's effort to dodge service was the presence of several cars in the driveway of the home when one answered the process server's knock.

Courts in this district has held, however, that a plaintiff may overcome this hurdle by alleging that it has conducted its own investigation, particularly through social media searches. Media v. Rahuse, 2015 WL 2231853, at *4 (D.N.J. May 11, 2015) ("Further, by alleging that Plaintiff conducted an investigation and discovered that Defendant's publicly available social media profile contains images that match the types of third party works that Plaintiff's investigator detected being infringed, Plaintiff has sufficiently connected Defendant personally with evidence of BitTorrent use traced to the subject IP address and residence assigned that IP address, where Defendant lived.").

First, Plaintiff has confirmed that the residential address provided with the ISP provider was consistent with the

8

geolocation of the infringer. (ECF 21-1 at 11). Second, Plaintiff conducted its own investigation. It looked at other third-party works that were downloaded at the infringer's IP address via BitTorrent to determine that they were consistent with illegal downloads of Plaintiff's works. (ECF 21-1 at 11). It also reviewed the social media of all of the individuals it identified as likely having access to the IP address to determine who was the most likely infringer. (Id.) Finally, it identified "matches between Defendant's professional expertise and software that was downloaded and distributed using the same IP address during the period of infringement." (Id.; ECF 8 at 10 (revealing that Defendant is a systems engineer with experience with programs similar to BitTorrent)). Thus, the Court is satisfied that Plaintiff has made a prima facie showing that Defendant is indeed the infringer.

The Court next holds that the complaint states a valid cause of action. Plaintiffs assert that Defendant infringed their copyrights in violation of the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., specifically in violation of 17 U.S.C. §§ 106 and 501 by copying and distributing elements of Plaintiff's works. (ECF 8 at 11). To state a claim for copyright infringement, Plaintiff must allege that it (1) owns of a valid copyright, and (2) Defendants copied constituent elements of the work that are the original. Feist

9

Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); In re McGraw-Hill Glob. Educ. Holdings LLC, 909 F.3d 48, 67 (3d Cir. 2018). Plaintiff here has sufficiently pled that they own the copyright for the 24 works in question and that Defendant copied, downloaded, and distributed the works. (ECF 8 at 9). Assuming the complaint's allegations to be true, the Court holds that Plaintiff has stated a legitimate cause of action.

The Court next turns to the three factors for assessing whether default judgment should be entered. With respect to the first factor, the Court finds that Plaintiff would be prejudiced if default judgment were not entered in its favor because this suit is its only way to enforce its copyright. United States v. Vo, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) ("When a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because plaintiff will be left with no other means to vindicate his or her claims.") Not entering default judgment would simply result in an interminable delay during which Defendant continues to violate Plaintiff's rights. Id.

Second, the Court holds that Defendant has failed to put forward any meritorious defenses which would caution against default judgment. A "meritorious defense" is a defense which, if established at trial, would completely bar a plaintiff's

10

recovery. Foy v. Dicks, 146 F.R.D. 113, 116 (E.D. Pa. 1993). "Because Defendant did not respond, the Court cannot determine whether Defendant had any meritorious defenses." Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co., 2012 WL 3018062, at *4 (D.N.J. July 24, 2012).

Third, the Court holds that Defendant's failure to respond demonstrates culpability in its default. See Slover v. Live Universe, Inc., 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (A defendant is "presumed culpable where it has failed to answer, move, or otherwise respond.")

Since all three factors weigh against Defendant, the Court holds that Plaintiffs are entitled to default judgment.

### A. Remedies

Having determined that Plaintiff will be granted default judgment, the Court must next assess remedies. On a motion for default judgment, allegations pertaining to damages are not assumed to be true. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). As such, a district court "may conduct such hearing or order such references as it deems necessary and proper" in order "to determine the amount of damages." Fed. R. Civ. P. 55(b)(2). However, if the damages are for a "sum certain or for a sum which can by computation be made certain," further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); Comdyne I, 908 F.2d at 1149.

11

Here, Plaintiffs have proffered enough information for the Court to determine the appropriate amount of damages. Plaintiffs request "$18,000, representing the minimum $750 statutory award for each of the 24 copyrighted works Defendant infringed upon." (ECF 21-1 at 19). They also request $400 for administrative and filing fees and $400 and $126.60 for the cost of service. (Id.) For the statutory damages, 17 U.S.C. § 504(c)(1) allows an award of "a sum not less than $750 or more than $30,000 as the court considers just." Here, Plaintiff is requesting the statutory minimum of $750 for its 24 works, for a total of $18,000. In this context where Plaintiff is asking for the minimum amount it could be awarded as statutory damages, the Court finds that such an award would be just. See Ackourey v. La Rukico Custom Tailor, 2012 WL 2920884, at *3 (E.D. Pa. July 18, 2012).

Further, the Copyright Act allows a prevailing plaintiff to recover its filing fees and the cost of service. 17 U.S.C. § 505. Plaintiffs adequately showed that they paid $350 pursuant to 28 U.S.C. § 1914(a) and another $50 for actually filing the complaint. (ECF 21-2 at 4-5); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)[3]. They have provided sufficient documentation of having

---

[3] As of December 1, 2020, the filing fee is now $52. District Court Miscellaneous Fee Schedule, available at

12

paid $126.60 for service as well, by attaching receipts to their application.  (ECF 21-2 at 6-14).

In addition, the Court holds that Plaintiff is entitled to the permanent injunctive relief that it is seeking.  Courts often grant injunctive relief on motions for default judgment. See Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 690 (D.N.J. 2015)("For all of these reasons, the Court will grant Plaintiff's motion for default judgment, will enter a default judgment of $180,400, and will issue a permanent injunction."); Comcast Cable Commc'ns LLC v. Soto, 2007 WL 2066357, at *2 (D.N.J. July 16, 2007)(same).

There is a four factor test that a Court must undertake to determine if permanent injunctive relief is appropriate.  A plaintiff must show "(1) that it has suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages, prove inadequate to compensate for that injury; (3) that the balance of hardships between the plaintiff and defendant favor equitable relief; and (4) that the public interest would not be disserved by a permanent injunction." Chanel, Inc., 133 F. Supp. 3d at 689 (internal quotation marks omitted).

---

https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited January 28, 2022).

13

Plaintiff has shown that it has suffered an irreparable injury because it has stated a prima facie case of copyright infringement and that it will continue to suffer if Defendant continues to infringe on its works. Comcast Cable Commc'ns LLC, 2007 WL 2066357 at *5 ("As to the first factor, . . .there exists a significant risk that defendant may continue to unlawfully access programming without repercussion, quite literally causing [Plaintiff] irreparable injury.") (internal quotation marks and alternations omitted).

For the second factor, because there is a significant risk that Defendant will continue to infringe without an injunction and because the harm is ongoing and not past in nature, monetary damages are not enough. Id. (acknowledging that remedies at law are often retrospective in nature).

For the third factor, the balance of hardships clearly weighs in favor of Plaintiff because Plaintiff risks continued loss of revenues and Defendant would only have to destroy and stop downloading and distributing Plaintiff's copyrighted works to which he clearly has no right. See id.

For the fourth factor, there is no evidence that the public would be harmed by the issuance of a permanent injunction. Members of the public could still access Plaintiff's copyrighted works by purchasing access through legal channels. TD Bank N.A. v. Hill, 928 F.3d 259, 285 (3d Cir. 2019) ("By recognizing the

14

public's interest in accessing intriguing works, we do not countenance blatant piracy or indulge in second-guessing of a copyright holder's business model."); Virgin Recs. Am., Inc. v. Bagan, 2009 WL 2170153, at *5 (D.N.J. July 21, 2009) (acknowledging the public interest in preserving the integrity of the copyright laws).

## IV. Conclusion

For the foregoing reasons, the Court shall grant Plaintiff's motion for default judgment, and enter a permanent injunction, requiring Defendant to delete and remove any digital media files containing Plaintiff's copyrighted works in his possession, custody, or control and to refrain from continuing to infringe on Plaintiff's copyrighted works.  The Court will also award $18,000 in statutory damages, $526.60 in costs and post-judgment interest under 28 U.S.C. § 1961.  The Court will also direct the Clerk of the Court to unseal the currently sealed documents consistent with the Magistrate Judge's Order dated December 22, 2021 (ECF 29) and to amend the caption to reflect Defendant's name.

An accompanying Order and Judgment will follow.


Date: February 1, 2022                    /s    Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.